UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ARTHUR HELLER,

                Plaintiff,                        **REPORT AND RECOMMENDATION**

    -against-

                                                    06 CV 2842 (NG)

CITY OF NEW YORK, et al.,

                Defendants.
-----------------------------------------------------------X

On June 6, 2006, plaintiff Arthur Heller commenced this action against the City of New York, the New York City Police Department, Police Officer Jesus Rodriguez, Sergeant Alfred Ricci, Detective Donald Resko, and "John Doe #'s 1-8," unknown police officers, in their individual and official capacities, seeking damages based on alleged violations of plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983. (See Compl.[1]). Following preliminary discovery, plaintiff filed an amended complaint on March 20, 2007, replacing "John Doe #'s 1-8" with defendant Captain Jeffrey Fallon, in his individual and official capacity. (See Am. Compl.[2] ¶ 6).

Plaintiff's Complaint sets forth fifteen causes of action: (1) conspiracy to violate plaintiff's constitutional rights and engage in an alleged "cover-up;" (2) use of unreasonable and excessive force; (3) false arrest, false imprisonment, and malicious prosecution; (4) failure to protect plaintiff while in custody; (5) supervisory liability and failure on the part of police

---

[1]Citations to "Compl." refer to plaintiff's Complaint, filed June 6, 2006.

[2]Citations to "Am. Compl." refer to plaintiff's Amended Complaint, filed March 20, 2007.

supervisors to intercede on plaintiff's behalf; (6) deprivation of plaintiff's First and Fourteenth Amendment rights to access and redress in the courts; (7) deprivation of plaintiff's Sixth and Fourteenth Amendment rights to a speedy trial; (8) violation of plaintiff's Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment; (9) common law negligence and intentional and negligent infliction of emotional distress;[3] (10) claims of *respondeat superior* as against the City of New York and the New York City Police Department; (11) common law assault and battery; (12) common law false arrest and false imprisonment; (13) common law *prima facie* tort; (14) common law negligence in the hiring, training, and supervision of police officers; and (15) municipal liability under Monell v. Dep't of Soc. Servs. of The City of New York, 436 U.S. 658 (1978). (See Am. Compl.).

On November 2, 2007, plaintiff filed a motion *in limine* seeking in part to preclude defendants' use at trial of the file of Dr. Judith S. Rose, M.D., one of plaintiff's treating psychiatrists, on the basis of the psychotherapist-patient privilege. ("Pl.'s 11/2 Motion"). In a Report and Recommendation dated January 7, 2008, this Court recommended the denial of plaintiff's motion on the grounds that, because plaintiff had not yet withdrawn his claim for damages based on the infliction of emotional distress, plaintiff's motion presented a hypothetical question on the application of the privilege, and thus was not ripe for review. Plaintiff subsequently withdrew his claim for emotional distress.

---

[3] By letter dated February 21, 2008, plaintiff withdrew his claim for intentional and negligent infliction of emotional distress.

## DISCUSSION

By letter dated March 25, 2008, plaintiff now moves for a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure to prevent further discovery related to Dr. Rose. Fed. R. Civ. P. 26(c)(1). Specifically, plaintiff moves pursuant to Rule 45 to quash the subpoena served on Dr. Rose by defendants' counsel, which notices her deposition, Fed. R. Civ. P. 45(c)(3)(A)(iii), and to preclude the use of Dr. Rose's file at trial. In response to plaintiff's Motion, defendants argue that the psychotherapist-patient privilege does not shield the communications between plaintiff and Dr. Rose from discovery because plaintiff waived any privilege that might have attached through the production of Dr. Rose's file to defendants during discovery. (See Defs.' 11/26 Opp.[4] at 9). In addition, plaintiff testified about Dr. Rose's treatment during his deposition. (See Pl.'s 11/2 Motion, Exs. C, K; see also id., Ex. L). Indeed, Heller filed his mental health records as an exhibit in support of his motion for a protective order. (See id., Ex. K at 175-76). Finally, defendants contend that questions regarding admissibility should be reserved until the time of trial. (See Defs.' Opp.[5] at 7).

By letter dated February 6, 2008, plaintiff also moves for a protective order prohibiting the disclosure of non-party witness Terri Netach's address and other personal information to the police and other defendants, and directing defendants' counsel not to turn over Ms. Netach's

---

[4]Citations to "Defs.' 11/26 Opp." refer to defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Preclude the Use of Certain Materials at Trial and Concerning Discovery, filed November 26, 2007, and resubmitted in support of defendants' Opposition to Plaintiff's Motions to Quash a Subpoena Directed to Dr. Rose and for a Protective Order, dated April 2, 2008.

[5]Citations to "Defs.' Opp." refer to defendants' Memorandum of Law in Opposition to Plaintiff's Motions to Quash a Subpoena Directed to Dr. Rose and for a Protective Order, filed April 2, 2008.

contact information in any form to anyone beyond the attorneys of record from that office, and to redact the present record accordingly.

A. <u>Standards</u>

Rule 26 of the Federal Rules of Civil Procedure permits the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Indeed, the information need not be admissible as long as it is reasonably calculated to lead to the discovery of admissible evidence. <u>Id.</u> Rule 26 does allow a court to issue an order to protect parties and persons from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). In order to invoke the benefit of this rule, the party moving for a protective order must cite particular and specific facts rather than conclusory allegations to establish good cause for protection. <u>Rofail v. United States</u>, 227 F.R.D. 53, 55 (E.D.N.Y. 2005). However, only "a party or any person from whom discovery is sought may move for a protective order," Fed. R. Civ. P. 26(c)(1), because of the general prohibition against litigants raising another person's legal rights. <u>Allen v. Wright</u>, 468 U.S. 737, 751 (1984).

Rule 45 requires the issuing court, on timely motion, to quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). Subpoenas issued under Rule 45 are also subject to the relevance requirement of Rule 26. <u>In re Flag Telecom Holdings, Ltd. Sec. Litig.</u>, No. 02 CV 3400, 2006 U.S. Dist. LEXIS 69140, at *5-6 (S.D.N.Y. Sept. 13, 2006). A party may move to quash a subpoena of a non-party where the party has "'a sufficient privacy interest in the confidentiality of records pertaining to their personal financial affairs so as to give them standing to challenge

the subpoenas.'" Id. at *5 (quoting Sierra Rutile Ltd. v. Katz, No. 90 CV 4913, 1994 U.S. Dist. LEXIS 6188, at *6 (S.D.N.Y. May 11, 1994)); see Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990) (finding a party had standing to challenge a subpoena served on non-party financial institutions based on privacy grounds).

The Supreme Court in Jaffee v. Redmond recognized a privilege that protects confidential communications between a psychotherapist and her patient. 518 U.S. 1, 9-10 (1996). Waiver of the psychotherapist-patient privilege by disclosure of privileged information to third parties waives the privilege as to the information disclosed. See id. at 15 n.14 (noting that "[l]ike other testimonial privileges, the patient may of course waive the protection"); Carrion v. City of New York, No. 01 CV 2255, 2002 U.S. Dist. LEXIS 5991, at *6-7 (S.D.N.Y. Apr. 8, 2002) (allowing plaintiff to pursue discovery, including the deposition of one of defendant's physician's treatment during the time period for which information about treatment had been disclosed). Indeed, the waiver of a privilege is broader than the disclosed documents or testimony themselves. Id. at *7. The Court may allow depositions to discover information for which the privilege has been waived. Id. at *9-10. See also Magee v. Paul Revere Life Ins. Co., 172 F.R.D. 627, 634, 647 (E.D.N.Y. 1997) (granting defendant's motion to reopen the deposition of plaintiff's treating psychologist and psychiatrist because plaintiff waived the psychotherapist-patient privilege by putting his mental health at issue); Equal Employment Opportunity Comm'n v. Kidder, Peabody & Co., Inc., No. 92 CV 9243, 1993 U.S. Dist. LEXIS 10212, at *2-4 (S.D.N.Y. July 27, 1993) (ordering plaintiff to produce the requested deposition authorizations for claimant's treating physicians after plaintiff waived the physician-patient privilege when claimant testified in detail at deposition about the nature and extent of her physical and psychological treatments and

plaintiff's counsel failed to object at any time).

B. Application

1. Discoverability of Communications with Dr. Rose

In this case, defendants contend that plaintiff's communications with Dr. Rose are relevant to factual questions in the case, including plaintiff's motivations to tell the truth about the incident that gave rise to the instant lawsuit, including (1) plaintiff's financial motivation to tell the truth about the incident and his damages; (2) whether plaintiff told the truth in statements made during his Section 50-h testimony while being represented by former counsel (see plaintiff's statutory General Municipal Law § 50-h testimony, N.Y. Gen. Mun. Law § 50-h (McKinney 2008)[6]); and (3) whether he struggled with the police during the incident on January 11, 2006. (See Defs.' Opp. at 5). Defendants contend that plaintiff admitted to Dr. Rose that he struggled with the police but now denies making such a statement. (See id.).

Plaintiff contends that the essential inquiry hinges on the fact that plaintiff has withdrawn his claim for emotional distress, which, plaintiff contends, vitiates the implied waiver of psychotherapist-patient privilege created by the claim of emotional distress. (See Pl.'s Reply[7] at 3-12). Plaintiff cites a number of cases for this proposition. See, e.g., Ruhlmann v. Ulster

---

[6]N.Y. Gen. Mun. Law § 50-h (McKinney 2008) provides, in relevant part, that a city against whom a claim is brought may demand an examination of the claimant relative to the injuries or damages for which the claim is made, upon oral examination or stipulation of the parties, and may include a physical examination.

[7]Citations to "Pl.'s Reply" refer to plaintiff's Reply Brief in Further Support of Plaintiff's Motion for a Protective Order and to Quash Subpoena and to Preclude the Use of Plaintiff's Psychiatrist's File at Trial, filed April 8, 2008.

6

County Dep't of Soc. Servs., 194 F.R.D. 445, 448-49 (N.D.N.Y. 2000) (collecting cases and distinguishing between the narrow view of the privilege, where plaintiffs asserting the psychotherapist-patient privilege affirmatively use their mental condition versus the broader view of the privilege, which holds that seeking emotional damages alone is sufficient to bring emotional condition into issue). However, in none of the cases cited by plaintiff had the plaintiff already disclosed the records at issue before withdrawing their claims for emotional distress, as in this case. Even under the standard described in Ruhlmann, whereby plaintiffs must affirmatively use their mental condition, plaintiff here would be unable to assert the privilege, because he has testified to and produced the records at issue on various occasions, ostensibly to affirmatively use those records as a means of providing a factual basis for his claims of emotional distress. Indeed, it is well-settled that a plaintiff may not use a privilege as a sword as well as a shield by introducing the substance of otherwise privileged communications into the litigation while concurrently seeking the protection of the privilege. Id. at 450 (citing Sarko v. Penn-Del Directory Co., 170 F.R.D. 127, 130 (E.D. Pa. 1997)).

Through plaintiff's answers to interrogatories and testimony in deposition, plaintiff has disclosed not only the fact of Dr. Rose's treatment, but also the substance of her treatment, by producing her treatment notes during the course of discovery and by filing the notes as an exhibit to a motion before the Court. Having waived the privilege through prior disclosure of Dr. Rose's notes, and the Court having determined that the notes provide relevant impeachment material, the Court finds that plaintiff has waived the psychotherapist-patient privilege as to all communications between plaintiff and Dr. Rose during the course of her treatment of plaintiff, regardless of the fact that plaintiff has withdrawn his claim for emotional distress.

Accordingly, plaintiff's motion seeking a protective order to prevent further discovery related to Dr. Rose and to quash the subpoena served on Dr. Rose by defendants' counsel is hereby DENIED.

With respect to questions as to the admissibility of Dr. Rose's file, defendants argue that such questions should be reserved until the time of trial. This Court agrees and therefore plaintiff's motion to preclude the use of Dr. Rose's file at trial is denied without prejudice to renew at the time of trial.

2. <u>Non-Party Witness Terri Netach's Personal Information</u>

Plaintiff also moves for a protective order prohibiting the disclosure to the police and other defendants of non-party witness Terri Netach's address and other personal information. Plaintiff also seeks an Order directing defendants' counsel not to turn over Ms. Netach's contact information in any form to anyone beyond the attorneys of record from that office, and to redact the present record accordingly. (Pl.'s Ltr[8] at 2). Defendants contend that plaintiff lacks standing to seek this relief, and in any case, that plaintiff fails to cite particular and specific facts on which to base entry of such a protective order. (Defs.' Ltr[9] at 2).

The proper standard to be applied in evaluating whether a party has standing to request a protective order on behalf of a third-party is the same as that which is applied in the context of efforts by parties to quash subpoenas directed to non-parties. See <u>Israel v. Carpenter</u>, No. 95 CV

---

[8] Citations to "Pl.'s Ltr" refer to plaintiff's letter motion seeking a protective order prohibiting the disclosure of Ms. Netach's personal information, filed February 6, 2008.

[9] Citations to "Defs.' Ltr" refer to defendants' opposition to plaintiff's letter motion seeking a protective order prohibiting the disclosure of Ms. Netach's personal information, filed February 7, 2008.

8

2703, 2002 U.S. Dist. LEXIS 11792, at *1-5 (S.D.N.Y. June 28, 2002) (denying defendant's motion for a protective order seeking to relieve non-parties of the obligation to comply with certain subpoenas). "'In the absence of a claim of privilege, a party usually does not have standing to object to a subpoena directed to a non-party witness'" unless the party has a sufficient privacy interest in the confidentiality of the records sought. ADL, LLC v. Tirakian, No. 06 CV 5076, 2007 U.S. Dist. LEXIS 46198, at *6-7 (E.D.N.Y. June 26, 2007) (finding that defendants had a sufficient privacy interest in the confidentiality of the documents sought to have standing to challenge the subpoenas issued to non-party witnesses) (quoting Langford v. Chrysler Motor Co., 513 F.2d 1121, 1126 (2d Cir. 1975)); see Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004).

In this case, plaintiff claims that he has an interest in protecting Ms. Netach's personal information from disclosure based on the assumption that, because of the trauma of witnessing a vicious beating, Ms. Netach is now in fear of the recklessness of certain police officers who are the subject of her deposition and prospective trial testimony. (See Pl.'s Reply Ltr[10] at 2). However, plaintiff does not cite any particular and specific facts on which to base a protective order. Rather, plaintiff simply concludes that Ms. Netach will be intimidated by "the recklessness of certain police officers who are the very subject of her deposition and prospective trial testimony" if her address and personal information are not shielded from the police, which "chilling effect" will have an "adverse impact on plaintiff's case." (See id.). However, plaintiff presents no evidence of police intimidation and merely characterizes defense counsel as being

---

[10]Citations to "Pl.'s Reply Ltr" refer to plaintiff's reply to defendants' letter in opposition to plaintiff's letter motion seeking a protective order prohibiting the disclosure of Ms. Netach's personal information, filed February 8, 2008.

resolved to present Ms. Netach's address and personal information to the defendant officers for the purpose of intimidating Ms. Netach. (See id.).

The Court finds that plaintiff has not demonstrated either a privacy interest in the confidentiality of the records at issue here - - Ms. Netach's address and other personal information - - nor has plaintiff articulated particular and specific facts on which to base a protective order, and therefore plaintiff lacks standing to make this request.

Accordingly, plaintiff's request for a protective order preventing the disclosure of Ms. Netach's personal information is hereby DENIED. However, the Court reminds defendants and defendants' counsel that misuse of the witness' personal information will result in the imposition of sanctions.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

Dated: Brooklyn, New York
April 11, 2008

*/s/ Cheryl Pollak*
_____
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York