UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ARTHUR HELLER,

                Plaintiff,

      -against-

CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------X

**O R D E R**

06 CV 2842 (NG)

On June 6, 2008, defendants filed a motion to quash certain subpoenas duces tecum issued by plaintiff, seeking to depose former Civilian Complaint Review Board ("CCRB") investigator Alexander DeSantis ("DeSantis"), and the CCRB Custodian of Records. In addition, the subpoenas commanded them to produce "any and all audio and video recordings, notes, and records of the interview of Sgt. Alfred Ricci on 2/28/06."

Defendants argue that the subpoenas should be quashed because (1) the CCRB is a "client agency" of defendants and therefore should not be subject to a subpoena as a non-party; (2) the subpoenas impose an undue burden on DeSantis and the CCRB because they seek records and information that have already been produced; and (3) the deliberative process privilege protects DeSantis and the CCRB from producing records of DeSantis' investigation. Defendants seek to limit their response to plaintiff's demand by submitting affidavits from DeSantis and the CCRB Custodian of Records, detailing the efforts made to search for the missing portion of Sergeant Ricci's interview. In the alternative, defendants seek a Protective Order, denying plaintiff's request for the production of any notes or documents relating to Sergeant Ricci's interview and limiting the deposition testimony of DeSantis and the CCRB Custodian of Records to the

procedures used to exercise custody and control over audiotapes created during CCRB interviews generally, and specifically to those used during the interview of Sergeant Ricci on February 28, 2006.

## DISCUSSION

As an initial matter, with respect to defendants' "client agency" argument, courts in this district routinely permit discovery of CCRB investigations in cases involving the New York City Police Department.[1] Moye v. City of New York, No. 05 CV 3180, 2005 U.S. Dist. LEXIS 42902, at *1-2 (E.D.N.Y. July 13, 2006); Bradley v. City of New York, No. 04 CV 8411, 2005 WL 2508253, at *1-2 (S.D.N.Y. Oct. 3, 2005); Fountain v. City of New York, No. 03 CV 4526, 03 CV 4915, 03 CV 7790, 03 CV 8445, 03 CV 9188, 03 CV 9191, 04 CV 665, 04 CV 1145, 04 CV 1371, 04 CV 2713, 2004 WL 941242, at *3 (S.D.N.Y. May 3, 2004) (citing King v. Conde, 121 F.R.D. 180, 188 (E.D.N.Y. 1988)). Secondly, given the fact that defendants have represented that the beginning portion of the audiotape of Sergeant Ricci's interview is inaudible and therefore unavailable, the Court finds that not only are any notes or other documents reflecting the interview of Sergeant Ricci highly relevant, but it would not be unduly burdensome under the circumstances for DeSantis and the CCRB's Custodian of Records to be deposed on the procedure for maintaining custody of such tapes and the subject of Sergeant Ricci's interview. Finally, having reviewed the DeSantis' investigatory notes *in camera*, the Court finds no basis on which to deny plaintiff access to these notes. Accordingly, defendants are to produce these notes to plaintiff by close of business tomorrow, August 1, 2008.

---

[1] Although counsel for plaintiff could have requested this discovery directly rather than by subpoena, given the Court's finding that this discovery is relevant, and the exigency of the circumstances in light of Mr. DeSantis' availability, the Court will permit plaintiff to proceed.

Nor is there any basis to limit the depositions of DeSantis and the CCRB Custodian of Records as suggested by defendants. Counsel for plaintiff will be permitted to explore with both the Custodian of Records and DeSantis the general practices and procedures for maintaining and storing audiotapes and other evidence gathered during the course of a CCRB investigation and whatever steps they took to search for the missing portion of the audiotape in question. Plaintiff may also explore with DeSantis the interview of Sergeant Ricci and any other of the interviews reflected in his notes. To the extent that plaintiff wishes to explore whether there was any undue influence exerted on the investigator in conducting his examination, plaintiff may explore that area as well. However, the Court holds that plaintiff may not inquire into other specific investigations conducted by DeSantis apart from the one at issue here.

In light of the exigent circumstances present in this case due to the inconvenience to DeSantis that will arise if his deposition does not go forward in the next week, the parties are directed to contact chambers by telephone if they have further questions or concerns regarding the permissible limits of the depositions of DeSantis and the CCRB Custodian of Records.

**SO ORDERED.**

Dated: Brooklyn, New York
July 31, 2008

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York