UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ARTHUR HELLER,

                **Plaintiff,**

- against -

THE CITY OF NEW YORK, *et al.*,

                **Defendants.**
----------------------------------------------------------x

**ORDER**

06 CV 2842 (NG) (CLP)

**GERSHON, United States District Judge:**

Plaintiff objects to the Report and Recommendation ("R&R") of Magistrate Judge Cheryl L. Pollak, dated April 11, 2008, which recommended denial of plaintiff's motion for a protective order under Rule 26 of the Federal Rules of Civil Procedure, preventing further discovery from Dr. Rose, one of plaintiff's treating psychiatrists, and for an order under Rule 45, quashing a deposition subpoena on Dr. Rose. Judge Pollak also determined that the application to preclude the use of Dr. Rose's file at trial should be denied without prejudice to renew at the time of trial.

Judge Pollak carefully and thoroughly set forth the facts and relevant prior proceedings as well as the applicable law. Insofar as plaintiff suggests that Judge Pollak's prior rulings in this matter were questionable or prejudicial to plaintiff in any way, that suggestion is rejected as utterly unsupported. Judge Pollak fully understood the issues, as her R&R evidences, but simply, and correctly in my view, rejected plaintiff's analysis.

I have carefully reviewed the recent decision of the Court of Appeals for the Second Circuit in *Sims v. Blot*, --- F.3d ----, 2008 WL 2778869 (2d Cir. July 8, 2008), and find that it does not compel a different conclusion. There, the Court reversed the decision of the district court ordering disclosure of a civil plaintiff's psychiatric records on the grounds that the initially

*pro se* plaintiff had never intended to, and did not in fact, raise an issue of psychiatric damages amounting to a waiver of his privilege and that, when represented by counsel, counsel confirmed that no psychiatric issue warranting forfeiture of the privilege would be presented. Unlike here, the uncounseled Sims had never "made a knowing election to waive his psychotherapist-patient privilege," *id.* at *17, and had never asserted a claim for damages that would forfeit that privilege.

Here, of course, it is undisputed that the counseled plaintiff knowingly and intentionally forfeited the privilege but now claims that, by withdrawing his claim for emotional damages, he can halt further discovery. As Judge Pollak found, under the circumstances of this case, and given the relevance of what was discovered from Dr. Rose at a time when the plaintiff had affirmatively waived his privilege, the relief sought now is unjustified. In this case, plaintiff had produced the records of his psychiatrist in order to affirmatively use them to support his claims of emotional damage. As Judge Pollak found, "Having waived the privilege through prior disclosure of Dr. Rose's notes, and the Court having determined that the notes provide relevant impeachment material [on a central factual issue in this case], the Court finds that plaintiff has waived the psychotherapist-patient privilege as to all communications between plaintiff and Dr. Rose during the course of her treatment of plaintiff, regardless of the fact that plaintiff has withdrawn his claim for emotional distress." R&R at 7.

There was also a separate request by plaintiff for a protective order regarding certain identifying information regarding a non-party witness. I have reviewed plaintiff's objections and find them to be without merit. The decision of Judge Pollak is adopted.

In sum, Judge Pollak's R&R is adopted in its entirety and plaintiff's applications are denied.

SO ORDERED.

s/NG
_____
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
August __, 2008